## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOANNA M. COOPER,<br>Administrator for the<br>ESTATE OF JOHN RAMEY POSEY,<br>Deceased,<br><br>    Plaintiff,<br><br>-vs-<br><br>OLD DOMINION FREIGHT LINE, INC.,<br>VIRGEL SMITH and PROTECTIVE<br>INSURANCE COMPANY,<br><br>    Defendants. | Case No. 09-CV-2441 JAR |

## MEMORANDUM AND ORDER

Plaintiff Joanna M. Cooper, as Administrator of the Estate of John Ramey Posey, brings this negligence action against Defendants Old Dominion Freight Line, Inc. ("Old Dominion"), Virgil Smith, and Protective Insurance Company as a result of a motor vehicle collision. The matter is before the Court on Defendant Old Dominion's Motion for Protective Order to Quash and/or Prohibit Plaintiff's Notice of Deposition to Old Dominion ("Motion for Protective Order") (ECF No. 56). Old Dominion requests that the Court enter a protective order to preclude its Rule 30(b)(6) deposition and the production of documents requested by Plaintiff's Amended Notice of Deposition (ECF No. 53). Plaintiff has responded with a combined Motion to Compel Discovery and Response to Defendant's Motion for Protective Order to Quash and/or Prohibit Plaintiff's Notice of Deposition ("Plaintiff's Motion to Compel") (ECF No. 65). Because the two motions are interrelated, the Court

considers them together. As discussed below, Defendant Old Dominion's Motion for Protective Order is granted in part and denied in part. Plaintiff's Motion to Compel is denied.

I. **Relevant Factual Background**

On January 4, 2007, John Ramey Posey was a passenger in a vehicle driven by Marilyn Short. Her minivan was involved in a collision with a tractor-trailer driven by Defendant Smith and owned by Old Dominion. At the time of the collision Smith was employed as a truck driver by Old Dominion and was acting within the scope of his employment. Posey sustained injuries in the collision and is now deceased. Joanna M. Cooper, the duly appointed administrator, brings this negligence action on behalf of his estate.

On February 18, 2010, Plaintiff served her First Request for Production of Documents (ECF No. 23). Request Nos. 7 and 8 sought the following documents from Old Dominion:

> 7. Any policies or procedures maintained by Old Dominion Freight Line, Inc., regarding the operation of a motor vehicle such as that operated by Virgil Smith at the time of the collision mentioned in Plaintiff's Complaint for Damages and pertaining to the operation of the motor vehicle on a two-lane street, highway or thoroughfare.
>
> 8. Any policies or procedures maintained by Old Dominion Freight Line, Inc., regarding the operation of a motor vehicle such as that operated by Virgil Smith at the time of the collision mentioned in Plaintiff's Complaint for Damages pertaining to the operation of the motor vehicle while passing another motor vehicle on a street, highway or thoroughfare.[1]

On August 9, 2010, Old Dominion served its Responses to Plaintiff's First Request for Production of Documents.[2] Its asserted the following objection to Request Nos. 7 and 8:

---

[1] Resps. of Def. Old Dominion, Inc. to Pl.'s First Req. for Produc. of Docs. at 3, attached as Ex. 1 to Pl.'s Combined Mot. (ECF No. 65).

[2] On February 25, 2010, the parties filed their Stipulation (ECF No. 25) that the deadline for
(continued...)

> Objection. This request is not relevant to any claim or defense asserted in the present action and is not reasonably calculated to lead to the discovery of admissible evidence bearing upon any such claim or defense. Further, this request is vague and ambiguous with regard to the intended meaning of the phrase "regarding the operation of a motor vehicle such as that operated by Virgil Smith." Further, this request is overly broad insofar as it is unlimited in time and scope.[3]

On October 15, 2010, Plaintiff issued a Notice to Take Deposition (ECF No. 51), followed three days later by a substantially similar Amended Notice to Take Deposition ("Amended Notice") (ECF No. 53). This Amended Notice sought a Rule 30(b)(6) deposition of a representative from Old Dominion to be taken October 22, 2010, at the offices of defense counsel in Tulsa, Oklahoma. The Amended Notice also requested that the representative "produce the documents and to testify on the topics that are listed in Exhibit A attached hereto."[4] Under a heading "Subjects of Testimony," the Exhibit A lists twelve enumerated topics. It does not describe or otherwise designate any specific document or group of documents to be produced. The twelve topics included in the "Subjects of Testimony" fall into three general categories: Old Dominion's (1) training and instruction of its truck drivers and specifically Defendant Smith; (2) knowledge of the load and weight of the truck and activities of Defendant Smith in the 48 hours before and after the collision; and (3) investigation of the collision, including descriptions of the damage to the tractor-trailer and the identification of certain photographs.

---

[2](...continued)
responses to any written discovery was extended until 30 days after Defendants filed their answer. Defendants filed their Answer on July 12, 2010.

[3]Resps. of Def. Old Dominion, Inc. to Pl.'s First Req. for Produc. of Docs. at 3-4, attached as Ex. 1 to Pl.'s Combined Mot. (ECF No. 65-1).

[4]Pl.'s Am. Notice to Take Dep. at 1-4 (ECF No. 65-2).

On October 19, 2010, Old Dominion responded to Plaintiff's Notice with the instant Motion for Protective Order (ECF No. 56). Old Dominion asks for a protective order to preclude both the deposition and the production of documents. Old Dominion argues that the Notice seeks information that is cumulative and/or irrelevant. It argues the information sought is cumulative, because Plaintiff may depose Defendant Smith about his training and the circumstances of the accident. Old Dominion further contends that relevancy is limited only as to the knowledge and conduct of Defendant Smith, but not as to his employer Old Dominion, because Plaintiff alleges no direct negligence on the part of Old Dominion. Plaintiff does not claim that Old Dominion was negligent in hiring or training Smith. Her sole claim against Old Dominion rests upon the theory of *respondeat superior*. Finally, Old Dominion claims that to the extent the Amended Notice seeks a witness to produce documents, it is an improper discovery request. Defendant argues that Plaintiff may not compel a Rule 30(b)(6) witness to produce documents at deposition, without allowing the respondent 30 days, as required by Federal Rule of Civil Procedure 34.

On October 28, 2010, Plaintiff responded to Defendant's Motion for Protective Order with Plaintiff's Motion to Compel. Plaintiff argues that the proposed Rule 30(b)(6) deposition topics are neither irrelevant nor cumulative. She also denies that she sought the production of documents in the Rule 30(b)(6) Notice, and instead moves to compel Old Dominion to produce documents responsive to Request Nos. 7 and 8.

On November 12, 2010, Old Dominion filed its Reply in Support of its Motion for Protective Order to Quash and/or Prohibit Plaintiff's Notice of Deposition to Old Dominion Freight Line, Inc. ("Reply") (ECF No. 75). It continues to argue that the proposed topics for deposition are irrelevant and cumulative. It also argues that any information Old Dominion has regarding the collision came

from Defendant Smith and thus Defendant Smith is "the only proper source." Defendant also claims attorney-client privilege for any other information. It also argues that sending its Rule 30(b)(6) corporate representative from its principal place of business in North Carolina to the designated deposition location of Tulsa, Oklahoma, would subject it to undue burden and expense.

## II.  Law Regarding Rule 30(b)(6) Depositions and Protective Orders

Federal Rule of Civil Procedure 30(b)(6) sets forth the procedure for deposing a business organization such as Old Dominion. The Rule provides as follows:

> In its [deposition] notice . . . a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify . . . . The persons designated must testify about information known or reasonably available to the corporation.[5]

An initial presumption exists that the Rule 30(b)(6) deposition should take place at the corporation's principal place of business.[6]

A party seeking to preclude a Rule 30(b)(6) deposition may seek a protective order under Federal Rule of Civil Procedure 26(c)(1). The Rule provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[7] The party seeking a protective order has the burden to show good cause for it.[8]

---

[5] Fed. R. Civ. P. 30(b)(6).

[6] *Starlight Int'l Inc. v. Herlihy,* 186 F.R.D. 626, 644 (D. Kan. 1999); *Apsley v. Boeing Co.*, No. 05-1368-MLB, 2008 WL 191418, at *3 (D. Kan. Jan. 22, 2008).

[7] Fed. R. Civ. P. 26(c).

[8] *Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

To establish good cause, a party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[9]

The court has broad discretion to decide when a protective order is appropriate and what degree of protection is required.[10] The Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[11] Furthermore, the court is required by Federal Rule of Civil Procedure 26(b)(2)(C) to "limit the frequency or extent of discovery . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative."

Where the argument of undue burden against a Rule 30(b)(6) deposition is based on the relevance of the topics specified in the notice, the court must take its well-established liberal approach to discovery relevance. "The [United States Supreme] Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials."[12] To accomplish that purpose, Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Relevancy is broadly

---

[9]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[10]*MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[11]*Seattle Times*, 467 U.S. at 36.

[12]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, No. 97-2391-GTV, 2000 WL 796142 at *2 (D. Kan. June 14, 2000) (quoting *Herbert v. Lando*, 441 U.S. 153, 176 (1979)).

6

construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[13]

When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope or relevance as defined under Federal Rule of Civil Procedure 26(b)(1); or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[14] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[15]

## III. Relief Sought

Old Dominion requests a protective order to preclude its Rule 30(b)(6) deposition and any accompanying request for documents. Plaintiff seeks to compel responses by Old Dominion to two of its requests for production of documents. The Court will first consider whether Plaintiff may properly obtain documents from Old Dominion, either through its Rule 30(b)(6) Notice requesting that a corporate representative produce documents at deposition or through its motion to compel responses to Plaintiff's Request No. 7 and 8. Next, the Court will consider Old Dominion's request for a protective order, precluding the Rule 30(b)(6) deposition. Lastly the Court will consider Old Dominion's objection to the location for the Rule 30(b)(6) deposition.

---

[13]*Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005); *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001).

[14]*Gen. Elec. Capital Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2003).

[15]*McBride v. Medicalodges, Inc.,* 250 F.R.D. 581, 586 (D. Kan. 2008).

### A. Plaintiff's Requests for Documents

Plaintiff's Amended Notice to Take Deposition requires that Old Dominion designate a representative, pursuant to Rule 30(b)(6), to "produce the documents and to testify on the topics that are listed in Exhibit A."[16] In her Motion to Compel, however, Plaintiff states that she "does not demand [that] Old Dominion . . . produce any documents" in the 30(b)(6) notice but simply "request[s] the production of a corporate representative to discuss" the specified issues. To the extent Defendant seeks a protective order against production of documents in response to the Amended Notice to take its Rule 30(b)(6) deposition, the Court deems its motion moot.

Plaintiff does ask in her Motion to Compel, however, for an order to compel Old Dominion to produce documents responsive to her Request Nos. 7 and 8. The Court finds that request to be untimely. Old Dominion lodged timely objections to each of those requests on August 9, 2010. Plaintiff may not now, over two months later and without any showing of excusable neglect, move to overrule the objections and compel production of responsive documents. District of Kansas Rule 37.1(b) provides in pertinent part that "[a]ny motion to compel discovery . . . must be filed within 30 days of the . . . service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived."[17] Thus, the 30 days in which Plaintiff was permitted to file a motion to compel, whether in response to Old Dominion's objection or otherwise, accrued from August 9, 2010, the date Old Dominion served its responses and objections to

---

[16]Pl.'s Am. Notice to Take Dep. at 1 (ECF No. 65-2).

[17]D. Kan. Rule 37.1(b).

Plaintiff's First Request for Production of Documents. By October 28, 2010, the date Plaintiff served her Motion to Compel, the 30 days in which she could object had long passed. She has waived any objections to the responses by Defendant. Because of its untimeliness, Plaintiff's motion to compel as to Request Nos. 7 and 8 is denied.

### B. Old Dominion's Motion for Protective Order Precluding its Rule 30(b)(6) Deposition

Old Dominion seeks not only to avoid producing documents but also asks that the Court grant a protective order precluding the Rule 30(b)(6) deposition in its entirety. Old Dominion contends that the proposed deposition topics are irrelevant and cumulative. The Court disagrees with that contention.

First, the Court finds the designated subjects for the deposition are relevant. As already noted, a liberal standard for relevance in discovery is well-established. Old Dominion has not met its burden to show that the subjects of the Rule 30(b)(6) deposition are not (1) within the scope of relevance as defined under Federal Rule of Civil Procedure 26(b)(1); or (2) of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[18]

The three general categories of subjects in Plaintiff's Notice are Old Dominion's (1) training and instruction of its truck drivers and specifically Defendant Smith; (2) knowledge of the load and weight of the truck and activities of Defendant Smith in the 48 hours before and after the collision; and (3) investigation of the collision, including descriptions of the damage to the tractor-trailer and

---

[18] *Gen. Elec. Capital*, 215 F.R.D. at 637.

the identification of certain photographs.[19] Each of these categories is facially a "matter that is relevant to any party's claim or defense" as required by Federal Rule of Civil Procedure 26(b)(1). Old Dominion argues that, because Plaintiff asserts no claim of direct negligence against Old Dominion but only upon a theory of *respondeat superior*, topics such as Old Dominion's training and instruction are irrelevant. The standard promulgated by the Federal Rules of Civil Procedure, however, does not turn upon relevance to a claim against the particular defendant from whom discovery is sought, but rather "any nonprivileged matter that is relevant to *any party*'s claim or defense."[20]

The Court is not persuaded that Defendant Smith's training is not relevant to the claim or defense of any party. To the contrary, the designated topics appear directly related to the claims stemming from the subject matter of this action, namely, the collision that occurred in January 2007. The Court similarly finds Old Dominion has not met its burden to show that any of the other categories of desired testimony are not relevant to any party's claim or defense, or that any of the desired subjects are of only marginal relevance and are outweighed by potential harm to Old Dominion. Whether or not Plaintiff claims that Old Dominion Freight Line was itself negligent, *respondeat superior* aside, the extent of comparative negligence on the part of its driver Smith remains an issue. His training and history as a truck driver, his activity during the hours preceding the accident, and the features and condition of the truck he was driving are all relevant in determining whatever percent of negligence, if any, may be attributed to him in causing the accident in question.

Second, the Court finds that the testimonial subjects on which Plaintiff seeks to depose an Old

---

[19]Pl.'s Am. Notice to Take Dep. at 1-4 (ECF No. 53).

[20]Fed. R. Civ. P. 26(b)(1) (emphasis added).

Dominion representative are not cumulative. Old Dominion claims that, because Defendant Smith is willing and able to testify to his training and the circumstances before or after the collision, eliciting such testimony from Old Dominion is "cumulative" and "a waste of resources."[21] Though Defendant Smith had not been deposed as of the filing of Defendant's Motion for Protective Order, he has since been deposed. In many respects his testimony indicates he as little or no recollection of much of the testimonial subjects listed in the notice for the deposition of Old Dominion. The Court rejects the contention that the information requested for the 30(b)(6) deposition would be unnecessarily cumulative. The fact that the defendant driver is himself available to testify does not mean that the co-defendant employer may not have relevant information, either supporting or contradictory to its driver. For these reasons the Court finds nothing persuasive by the argument that the co-defendant should be protected against its deposition because "[a]ny information Old Dominion has regarding Smith's schedule surrounding the subject collision or the function, condition, and operation of the vehicle at the time of the subject collision came from Smith himself."[22] The Court thus overrules the motion for a protective order as to the deposition of Old Dominion, pursuant to Rule 30(b)(6).

Lastly the Court finds the assertion by Old Dominion of its objection against discovery of information protected as work product or by the attorney-client privilege to be premature. If specific questions posed during the Rule 30(b)(6) deposition call for the disclosure of information subject to attorney-client privilege or work product, defense counsel may assert appropriate objections at that

---

[21]Def.'s Mot. for Protective Order at 4 (ECF No. 56).

[22]Reply of Old Dominion in Supp. of Its Mot. for Protective Order to Quash and/or Prohibit Pl.'s Notice of Dep. to Old Dominion at 6 (ECF No. 75).

time. The possibility of such objections provides no protection against proceeding with the deposition.

For the foregoing reasons, Old Dominion has not met its burden of showing good cause for a protective order. The Court denies the motion for a protective order to preclude its Rule 30(b)(6) deposition.

### C. Location of the Rule 30(b)(6) Deposition

Plaintiff designates the Tulsa, Oklahoma offices of Defendants' counsel as the situs for the Rule 30(b)(6) deposition. Old Dominion argues in its Reply that its Rule 30(b)(6) deposition should take place at the corporation's principal place of business in North Carolina. The Court agrees. It is well-settled that there is an initial presumption that "a defendant should be examined at his residence or the principal place of business."[23] To relocate a Rule 30(b)(6) deposition from its designated situs, "the party seeking protection should demonstrate its principal place of business to be different from the location designated by the notice."[24] The Court finds that Old Dominion has demonstrated its principal place of business to be in North Carolina. Unless the parties agree otherwise, North Carolina is the proper location for the Rule 30(b)(6) deposition.

**IT IS THEREFORE ORDERED THAT** Defendant Old Dominion's Motion for Protective Order to Quash and/or Prohibit Plaintiff's Notice of Deposition (ECF No. 56) is granted in part and denied in part, as herein set forth. It is granted insofar as Plaintiff's Amended Notice of Deposition seeks production of documents without providing 30 days to respond or object to requests for production. It is further granted against the designation of Tulsa, Oklahoma, as the place of the

---

[23] *Starlight,* 186 F.R.D. at 644.

[24] *Id.*

deposition. Any deposition of Defendant Old Dominion, pursuant to Fed. R. Civ. P. 30(b)(6), shall take place at its principal place of business in North Carolina, unless the parties agree otherwise. The motion is otherwise denied.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Compel Old Dominion (ECF. No. 65) to produce documents responsive to her Request Nos. 7 and 8 is denied as untimely.

Dated in Kansas City, Kansas on this 14th day of January, 2011.

S/ Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge