# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOANNA M. COOPER,  )
Administrator for the  )
ESTATE OF JOHN RAMEY POSEY,  )
Deceased,  )
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,  )
　　　　　　　　　　　　　　　　　　)　　Case No. 09-CV-2441 JAR
-vs-  )
　　　　　　　　　　　　　　　　　　)
OLD DOMINION FREIGHT LINE, INC.,  )
VIRGEL SMITH and PROTECTIVE  )
INSURANCE COMPANY,  )
　　　　　　　　　　　　　　　　　　)
　　　　Defendants.  )

## MEMORANDUM AND ORDER

Plaintiff Joanna M. Cooper, as Administrator of the Estate of John Ramey Posey, brings this negligence action for damages against Defendants Old Dominion Freight Line, Inc. ("Old Dominion"), Virgil Smith ("Smith"), and Protective Insurance Company as a result of a motor vehicle collision. The Court here addresses the Combined Motion of Defendant Old Dominion and Defendant Smith to Compel Discovery (ECF No. 50). Defendants request an order to compel Plaintiff to respond to Defendant Old Dominion's First Interrogatory No. 1; Defendant Smith's First Interrogatory Nos. 10, 11, and 12; and Request for Production Nos. 1, 2, 9, 10, 12, 28, 44, 46, 52, 53, and 56. As set forth below, the Court grants the motion in part and denies it in part.

**I.　　Relevant Factual Background**

On January 4, 2007, John Ramey Posey ("Posey") was a passenger in a vehicle driven by Marilyn Short. Her minivan was involved in a collision with a tractor-trailer driven by Defendant Smith and owned by Old Dominion. At the time of the collision Smith was employed as a truck driver by Old Dominion and acting within the scope of his employment. Posey sustained injuries

in the collision and later died. Joanna M. Cooper, the duly appointed administrator, brings this negligence action on behalf of his estate. She seeks damages for medical and funeral expenses and non-economic losses for pain, suffering, disfigurement, mental anguish and loss of enjoyment of life.

## II. Discovery Sought by Defendants

### A. Defendant Old Dominion's First Interrogatory No. 1 - Identity of Persons Accompanying Decedent to Medical Appointments and Visiting Him in the Hospital

Defendant Old Dominion's First Interrogatory No. 1 asks Plaintiff the following:

If the decedent, in the five years preceding his death, ever received healthcare services from a physician or other healthcare provider due to any injury or illness, state with regard to each such injury or illness:

 a. the name and present or last-known address of each treating or examining physician or other healthcare provider;
 b. the dates on which he was treated or examined; and
 c. the name and present or last-known address of any hospital in which he was examined and/or confined and the inclusive dates of such examination or confinement.
 d. The name and present or last-known address of each person who accompanied decedent to his appointment on any of the dates listed in response to subpart (b) of this interrogatory or who visited him in the hospital during on any of the dates listed in response to subpart (c) of this interrogatory.

Plaintiff objected to Interrogatory 1 on grounds it is vague, ambiguous, and overly broad. She also objected that it seeks information neither relevant nor likely to lead to the discovery of relevant evidence. Subject to these objections, she answered the interrogatory by directing Defendant Old Dominion to her initial Rule 26(a)(1) disclosures, as well as a compact disc that contains electronic and other scanned medical records and billing statements. She also provided a list of names and addresses of health care providers who treated Posey within five years preceding his death.

Defendants contend that Plaintiff completely failed to answer subpart (d). It inquires as to the identity of individuals who accompanied Posey to his medical appointments or who visited him during his hospitalizations. They further complain the answer to the interrogatory may be incomplete, because of the objections lodged by Plaintiff. Defendants argue the information concerning the injuries and illnesses Posey suffered in the five years preceding his death will enable them to better evaluate the extent to which the collision caused his medical condition and related expenses through the date of his death.

Federal Rule of Civil Procedure 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Plaintiff answered the interrogatory, subject to the objection. She provided names and addresses of physicians and hospitals that treated Posey within the five years preceding his death. She also directed Defendant Old Dominion to her initial disclosures for information about medical services, health care providers, and physicians who treated Posey for injuries sustained in the collision. She did not answer subpart (d), however, which requests her to identify each person who accompanied Posey to his medical appointments and who visited him at the hospital.

In her response to the motion Plaintiff does not discuss or rely upon any of her objections to Interrogatory No. 1. She mentions it only in a footnote on page 3 of the response, stating she "answered the interrogatory over objection" and that "Defendants make no complaint about the completeness of the interrogatory answer."[1] Plaintiff misperceives the motion. It does protest her failure to completely answer the interrogatory. Fed. R. Civ. P. 33(b)(3) required her to answer it "to the extent not objected." She did answer it, but also objected. Such a response provides no

---

[1] Pl.'s Resp. to Defs.' Combined Mot. to Compel Disc. (ECF No. 64) at p. 3 n.2.

assurance that it completely answers the interrogatory. To the contrary, it suggests that respondent is withholding relevant information and relying instead upon an objection. But her response to the motion then fails to discuss or rely upon the objections she made to Defendant Old Dominion's First Interrogatory No. 1. The Court thus finds Plaintiff has abandoned the objections.[2] Accordingly, she shall answer Defendant Old Dominion's First Interrogatory No. 1 without objection.

**B.     Defendant Smith's First Interrogatory No. 10 - Identification of Persons Contributing Financial Support to Decedent**

Defendant Smith's First Interrogatory No. 10 asks the following:

State whether any person contributed any monies to financially support the decedent at any time during the period five (5) years prior to the motor vehicle collision described in your Complaint for Damages, and, if so, set forth for each person:

   a.     the name and present or last-known address and telephone number of each such person; and
   b.     the annual amount of money contributed by each person to the decedent during each of said years.

Plaintiff objected to the interrogatory on grounds it is vague, ambiguous, and overly broad. She also objected that it seeks information and things which are neither relevant nor likely to lead to the discovery of relevant evidence.

Defendants argue that information concerning the extent to which Posey relied on the financial support of others in the five years before the collision will permit them to better evaluate Plaintiff's claim. Specifically, it will allow them to determine whether he suffered impairment and

---

[2]*See Anderson v. United Parcel Serv., Inc.*, No. 09-2526-KHV-DJW, 2010 WL 4822564, at *5 n.14 (D. Kan, Nov. 22, 2010) ("Objections that are initially raised in a party's response to a discovery request but that are not relied upon or discussed in response to a motion to compel will be deemed abandoned."). Many of Plaintiff's boiler-plate objections were not discussed in her response to the motion and are consequently deemed abandoned. The Court will only focus on those objections relied on or discussed in the response to the motion to compel.

diminution in his ability to work, labor, and enjoy the ordinary pursuits of life as a result of the collision. Defendants further argue that those who provided financial support for Posey will probably be witnesses about his physical condition and abilities before and after the collision. In Reply, Defendants advance their argument in that "any individual who cared enough about Posey to provide financial support to him likely also would have been concerned with Posey's physical condition during this time." The annual breakdown, Defendants argue, is relevant, because it will likely bear upon the duration and extent of the individual's involvement with Posey and the opportunity to observe his physical condition.

Plaintiff argues that the interrogatory neither asks about relevant information nor will likely lead to the discovery of such information. Plaintiff does not seek damages for lost wages. She argues that identifying individuals who financially supported Posey does not tend to prove any aspect of damages claimed. Plaintiff also questions the suggestion that these individuals would be witnesses to Posey's physical condition and abilities.

Fed. R. Civ. P 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevancy is broadly construed during the discovery phase, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[3] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by

---

[3]*Jones v. Wet Seal Retail, Inc.*, 245 F.R.D. 724, 725 (D. Kan. 2007); *Cardenas v. Dorel Juvenile Group*, 232 F.R.D. 377, 382 (D. Kan. 2005); *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

discovery would outweigh the ordinary presumption in favor of broad disclosure.[4]  Conversely, when the relevancy of the requested discovery is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.[5]

The Court finds that on its face the interrogatory does not seek relevant information. Defendant Smith thus bears the burden to show its relevance.  Defendant Smith has failed to persuade the Court that the requested information has any reasonable relevance.  Any arguable correlation between individuals who provided financial contributions to Posey and the observations, if any, of those same individuals is tenuous at best.  Plaintiff does not seek damages for lost wages. The Court finds that Defendant Smith's Interrogatory No. 10 is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's relevancy objection is sustained.  The Court denies the motion to compel Plaintiff to answer Defendant Smith's Interrogatory No. 10.

> **C. Defendant Smith's First Interrogatory Nos. 11 and 12 - Visits and Arguments Between Plaintiff and Posey**

Defendant Smith's First Interrogatory No. 11 seeks the following:

With regard to every occasion on which you visited the decedent in his home during the five years preceding the motor vehicle collision described in your Complaint for Damages and every occasion on which the decedent visited you in your home during the five years preceding the motor vehicle collision described in your Complaint for Damages, state:
    a.    the date of the visit;
    b.    the location of the visit;
    c.    the reason for the visit; and
    d.    the names and present or last-known addresses of all persons who were present during the visit.

---

[4] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 653 (D. Kan. 2006); *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

[5] *Johnson*, 238 F.R.D. at 653; *Cardenas*, 232 F.R.D. at 382; *Owens*, 221 F.R.D. at 652.

Interrogatory No. 12 asks Plaintiff if she had any fights or arguments with Posey in the ten years preceding his death, and, if so, to state the date and substance of the fight or argument.

Plaintiff objected that the interrogatories are vague, ambiguous, and overbroad. She also objected that they seek information and things which are neither relevant nor likely to lead to the discovery of relevant evidence. In addition, for Interrogatory No. 11, Plaintiff referred to her answer to Interrogatory No. 9, which states:

> John Posey is my brother. I am 17 years older than John and cared for him during much of his life as if he was my son. In the five years before the collision, we spoke nearly every day by telephone and saw each other every other day except for those periods during which one of us traveled. I provided him with shelter and he ate most of his meals at the nursing home that I own. I care for John deeply and miss him.

On their face, these two interrogatories do not seek relevant information. Defendants thus have the burden to show their relevance. They argue that individuals present during visits between Plaintiff and Posey are "likely to prove to be witnesses as to [Posey's] physical condition and abilities before and after the subject collision."[6] Defendants also argue that information concerning the relationship between Plaintiff and Posey will help to assess her credibility in testifying about his physical condition and abilities before and after the collision.

Plaintiff argues that the interrogatories seem "ill-suited to obtain information relevant to any pending issue." Plaintiff renews her objection that Interrogatory No. 11 is overly broad. She points out that it demands information about "every occasion" that she and Posey visited in person. She responded to Defendant Smith's First Interrogatory No. 9 that she and Posey saw each other every

---

[6]Combined Mot. and Supporting Br. Of Def. Old Dominion Freight Line, Inc. And Def. Virgil Smith to Compel Disc. (ECF No. 50) at 7. Again, Defendants refer to "Plaintiff's physical condition and abilities" when they must instead mean Posey.

other day and that she "provided him with shelter." She argues that the information is not relevant and the interrogatory is "aimed at attacking the nature of [Plaintiff's] relationship with [Posey] - a relationship not put at issue by the pleadings." Defendants countered in reply that credibility and bias can always be an issue at trial and thus they are entitled to the discovery.

The Court finds that these two interrogatories do not seek information that is relevant or reasonably calculated to lead to the discovery of relevant information. Plaintiff's relevancy objections are sustained. Interrogatory No. 9 is also overly broad and unduly burdensome. It asks Plaintiff to list every visit over the past five years. The Court overrules the motion to compel answers to these two interrogatories.

### D. Request Nos. 1 and 2 - Materials Used in Preparing Answers to Interrogatories

Defendants' Request No. 1 seeks production of "copies of all writings, recordings and/or other materials, not protected from disclosure as work product or privileged, that [Plaintiff] identified or referenced in, or upon which [Plaintiff] relied in preparing [her] answers to the interrogatories served contemporaneously herewith."

Request No. 2 seeks production of "copies of all writings, recordings and/or other materials, <u>not already produced in response to the immediately preceding request</u>, that [Plaintiff] identified or referenced in, or upon which [Plaintiff] relied in preparing [her] answers to the interrogatories served contemporaneously herewith." (Underscoring added).

Plaintiff objected to both requests as vague, ambiguous and overly broad. She also objected that they seek information and things protected from disclosure by the attorney-client privilege and work product doctrine.

Defendants argue that, because the requests were served contemporaneously with the

8

interrogatories, the "writings, recordings and/or other materials" are specifically identified as those which Plaintiff used in preparing her answers to the interrogatories. Defendants argue that Request No. 1 specifically excepts privileged materials and work product and is therefore unobjectionable.

In her response to the motion, Plaintiff does not assert any objection that the requests are vague, ambiguous and overly broad. She argues only that they are inappropriate for seeking identity of materials that provide insight into the workings and relationship between attorney and client. She suggests that providing discovery is a collaborative effort between attorney and client and demands them to share information and discussion.

"The attorney-client privilege is the oldest of privileges for confidential communications known to the common law."[7] The purpose of the privilege is to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice."[8] The burden of establishing the applicability of the attorney-client privilege rests on the party seeking to assert it.[9] "The party must bear the burden as to specific questions or documents, not by making a blanket claim."[10]

The work product doctrine was first recognized in *Hickman v. Taylor*[11] and was subsequently incorporated into Fed. R. Civ. P. 26(b)(3). "The purpose of the doctrine is to promote the adversary system 'by ensuring that an adversary cannot obtain materials that its opponent has prepared in

---

[7] *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

[8] *Id.*

[9] *In re Grand Jury Proceedings*, 616 F.3d 1172, 1183 (10th Cir. 2010).

[10] *In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999).

[11] 329 U.S. 495 (1947).

anticipation of litigation.'"[12] The doctrine protects those items that are prepared in anticipation of litigation, but does not act as a shield to hide relevant discoverable facts from one's opponent. The party asserting work product must carry the burden of proving that the material is protected.[13] "A mere allegation that the work product doctrine applies is insufficient."[14]

Plaintiff here asserts mere conclusions about the applications of work product and the attorney-client privilege. She has not shown that merely identifying documents, as requested, discloses work product or any attorney-client privileged information. Plaintiff has not met her burden to show any factual basis for her objections.

This Court has previously held in the context of an inquiry into what documents a deponent reviewed prior to a deposition that the selection and grouping of information does not transform discoverable documents into work product.[15] This Court has applied the same reasoning when requiring a party to disclose discoverable documents a party has selected and organized in preparation for litigation.[16] At least one court has addressed this specific issue. In *Williams v. Johanns*, a party raised a work product objection to a request seeking all documents relied on in

---

[12]*In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2009 WL 2058759, at *5 (D. Kan. July 15, 2009) (quoting *McCoo v. Denny's, Inc.*, No. 98-2458, 2000 WL 307315, at *2 (D. Kan. March 21, 2000)).

[13]*Barclays Am. Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984).

[14]*Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995).

[15]*Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc.,* No. 01-2009-KHV, 2002 WL 113879, at *2 (D. Kan. Jan. 22, 2002). *See also Audiotext Commc'ns Network v. U.S. Telecom, Inc.*, 164 F.R.D. 250, 254-55 (D. Kan. 1996) (finding notebook of documents reviewed and relied upon by deponent was not work product).

[16]*U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, No. 05-CV-2192-JWL-DJW, 2008 WL 2548129, at *10 (D. Kan. June 23, 2008).

answering interrogatories.[17] Finding the unsupported objection of work product to be frivolous, the *Williams* court held that documents used to answer interrogatories are not *ipso facto* privileged.[18] "[D]ocuments used to answer interrogatories are not in themselves privileged. Only documents prepared in anticipation of litigation by a party or a party's representative are protected by the work product privilege."[19]

The requests here do not ask for mental impressions. They ask for documents used to answer interrogatories. Such documents do not possess an *ipso facto* privilege. The argument against production is similar to that of the objecting party in *U.S. Fire Insurance Co. v. Bunge North America, Inc.*[20] It addressed the argument that the selection and organization of discoverable documents somehow revealed the mental impressions of the attorneys for the respondent. This Court found the argument unpersuasive as "it assumes one can extrapolate backwards from the results of a selection process to determine the reason a document was selected" and any invasion of work product is "minuscule at best."[21]

Defendants argue that Plaintiff was under a duty to respond to the request by describing the nature of the documents, communications or tangible things not produced or disclosed as required by Fed. R. Civ. P. 26(b)(5). Because Plaintiff claimed privilege and did not provide a privilege log as required by 26(b)(5), Defendants claim they are "entitled to the documents and other materials

---

[17]*Williams v. Johanns*, 235 F.R.D 116, 124 (D.D.C. 2006).

[18]*Id.*

[19]*Id.* (citing Fed. R. Civ. P. 26(b)(3)).

[20]No. 05-CV-2192-JWL-DJW, 2008 WL 2548129, at *10 (D. Kan. June 23, 2008).

[21]*Id.* (quoting *Sporck v. Peil*, 759 F.2d 312, 319 (3d Cir. 1985) (Seitz, J., dissenting)).

sought as though no privilege or work product protection applied." Defendants argue, however, that the request specifically excludes work product and privileged materials. Because it specifically excludes work product and privileged materials, Plaintiff had no duty to provide a privilege log. Nor did she waive any privilege.[22]

The Court overrules the objections of Plaintiff to Request No. 1. She shall produce copies of all writings, recordings and/or other materials, not protected from disclosure as work product or privileged, that she identified or referenced in, or upon which she relied in preparing answers to the interrogatories.

Request No. 2 is identical to Request No. 1, except it does not exclude work product and privileged information. Request No. 2 by its terms thus seeks nothing but work product and privileged information, inasmuch as any other discoverable material is covered by Request No. 1. Request No. 2 constitutes nothing more than an attempted end run that has gone full circle and accomplished nothing. The Court sustains the objection and denies the motion with regard to Request No. 2.

### E. Request Nos. 9 and 10 - Materials Received from Non-parties

Defendants' Request No. 9 seeks production of "copies of writings, recordings and/or other materials, not protected from disclosure as work produce or privileged, that [Plaintiff has] received in connection with this case from any person or entity other than the parties or recipients of subpoenas from any of the parties." Plaintiff objected to the request as seeking "information and things protected from disclosure by the attorney-client privilege."

---

[22]Defendants asserts similar arguments for subsequent requests. These arguments are discussed in greater detail in Section J of this Order.

Request No. 10 similarly seeks production of "copies of writings, recordings and/or other materials, <u>not already produced in response to the immediately preceding request</u>, that [Plaintiff has] received in connection with this case from any person or entity other than the parties or recipients of subpoenas from any of the parties." (Underscoring added). Plaintiff objected to the request as follows:

> Objection. Said request seeks information and things protected from disclosure by the attorney-client privilege. Subject to said objection, Plaintiff will produce copies of responsive documents when and as directed by the Scheduling Order previously entered by the court.

Plaintiff neither discusses nor relies upon the asserted objections to Defendants' Request No. 9. The Court thus deems the objections abandoned. The request specifically exempts privileged and work product materials. Accordingly, no basis exists for an objection that it seeks work product or information protected by the attorney-client privilege. Plaintiff shall produce the requested materials.

Defendants' Request No. 10 is identical to Request No. 9, except it does not exclude work product and privileged information. Request No. 10 thus applies only to work product or privileged information. Request No. 9 asks for any other discoverable material. Request 10 is nothing more than a request for privileged materials or work product. The Court sustains the objection of Plaintiff and denies the motion with regard to Request No. 10.

    **F.**    **Request Nos. 12 and 44 - Health Care Records for 10 Years Preceding Collision**

Defendants' Request No. 12 seeks production of "copies of any written records or reports of all healthcare and/or mental health providers who treated or cared for the decedent during the ten years preceding the date of the collision referenced in [the] Complaint for Damages." Plaintiff objected to the request as follows:

13

> Objection. Vague, ambiguous and overbroad. Also, said request seeks information and things which are neither relevant nor likely to lead to the discovery of relevant evidence. Further, said request seeks disclosure of protected and privileged health information not put at issue by the pleadings in this case.

Request No. 44 seeks production of an authorization sufficient under federal and state law to permit Defendants to obtain Posey's medical records from January 2002 until Posey's death. Plaintiff objected to the request as follows:

> Objection. Vague, ambiguous and overbroad. Also, said request seeks information and things which are neither relevant nor likely to lead to the discovery of relevant evidence. Further, said request seek[s] the discovery of protected health information which has not been placed at issue by the pleadings in this case. Subject to said objection, see Medical Authorizations executed by Joanna M. Cooper and produced to Defendant's counsel on August 5, 2010.

Defendants argue that the medical or healthcare records for the time periods covered will better enable their experts to evaluate the extent of any pre-existing conditions or diseases that may have played a role in any decline in Posey's health between the date of the collision and his death. Defendants further argue that the records are required to examine the causal link between the collision and the medical and surgical expenses Posey incurred after the collision.

Plaintiff argues that the ten-year time period of records sought by Request No. 12 is unreasonable and overly broad. She further contends that the requests seek records without limitation to illness or injury to a specific part of Posey's body. She agrees that Posey's physical condition was placed in issue when the suit was filed, but argues that the physician-patient privilege is not completely waived simply by her filing a complaint. The Court need not reach this issue, however, because Plaintiff admits that a limitation to a particular body part is not required in this

case.[23] Thus, the Court will consider simply if the time period proposed by the request is reasonable.

The Court finds that Defendants have presented sufficient justification for requesting ten years of written records or reports of all healthcare and/or mental health providers who treated or cared for Posey. They point out that Posey had suffered from lung cancer, hypertension, and chest pain, was treated for cancer in 2005, took medications for cancer and hypertension, and was hospitalized for placement of stents. His life expectancy is an issue. His health and medical care are relevant to that issue. The Court overrules the objection that Request No. 12 is overly broad. Plaintiff shall produce copies of any written records or reports of all healthcare and/or mental health providers who treated or cared for the decedent during the ten years preceding the date of the collision.

With regard to Request No. 44, Plaintiff has already provided medical authorizations to give Defendants access to Posey's medical records three years prior to the collision, without limitation to a particular body part. Defendants argue they require medical records dating back two more years, in order to evaluate the interplay between Posey's coronary artery disease and any post-collision physical decline. Because of the nature of the alleged medical condition of Posey before the collision and the inability of Plaintiff to fully articulate the type of medical treatment he received, expanding the authorization to five years is reasonable. The Court overrules the objection to Request No. 44. It orders Plaintiff to provide authorization sufficient under federal and state law to permit Defendants to obtain medical records for Posey from January 2002 until his death.

---

[23]Pl.'s Resp. to Defs.' Combined Mot. to Compel Disc. (ECF No. 64) at 10 ("Plaintiff [realized] that the nature of the deterioration of Posey's health after the crash coupled with the claim that the collision contributed to cause the deterioration required an authorization that was not limited to a particular body part.").

### G. Request Nos. 28 and 52 - Financial Support and Correspondence Received by Decedent

Defendants' Request No. 28 seeks production of "copies of all documents, not protected from disclosure as work product or as privileged, regarding any financial support or contributions of money provided by the decedent to any of his parents, siblings, children or lineal descendants during the last ten years of his life." Plaintiff objected to the request as follows:

> Objection. Said request seeks information and things which are neither relevant nor likely to lead to the discovery of relevant evidence. Subject to said objection, none.

Request No. 52 seeks production of "any cards, notes or letters" received by Posey in the last five years of his life from "each person who survived decedent and who was a parent or sibling of decedent, a lineal descendant of decedent, a beneficiary of decedent's estate or a person who was dependent on the decedent for support, maintenance or education at the time of the decedent's death." Plaintiff objected to the request as follows:

> Objection. Vague, ambiguous and overbroad. Further said request seeks information and things which are neither relevant nor likely to lead to the discovery of relevant evidence.

Defendants argue that information sought in Requests Nos. 28 and 52 will permit them to better evaluate the claim that the collision caused Posey to suffer impairment and diminution in his ability to work and enjoy the ordinary pursuits of life. Defendants again contend that individuals identified would be witnesses as to his physical condition and abilities before and after the collision.

Plaintiff argues the information is not relevant. Responsive materials would neither prove nor disprove any material fact, including any connection between the collision and the nature and extent of the injuries Posey suffered, the reasonableness of his medical treatment or its cost, the way in which his injuries affected his life, or any aspect of alleged damages.

The Court fails to see the relevancy of this information to the claims and defenses in this case, or how this information is reasonably calculated to lead to the discovery of relevant evidence. The Court sustains the objection of irrelevancy and denies the motion with respect to Request Nos. 28 and 52.

**H.    Requests Nos. 46 and 53 - Photographs, Maps, Drawings, and Videos of Accident Scene and Written Statements by Plaintiff**

Defendants' Request No. 46 seeks production of "any photograph(s), map(s), drawing(s), or video(s) depicting any portion of the scene of collision described in [Plaintiff's] Complaint for Damages or any portion of the persons or vehicles involved in the motor vehicle collision described in your Complaint for Damages."   Plaintiff objected to the request as follows:

> Objection. Said request seeks information and things protected from disclosure by the attorney client privilege and work product doctrine. Subject to said objection, see those materials provided to defendants in Plaintiff's Rule 26 (a)(1) Disclosures which were served on July 26, 2010.

Request No. 53 seeks production of "copies of all written, recorded and transcribed statements you or your attorneys or other representatives have obtained in your Complaint for Damages or the damages you seek to recover in this lawsuit."  Plaintiff objected to the request as seeking information and things that are work product.

Plaintiff's only mention of Request Nos. 46 and 53 in her response to the motion is to support her argument that Requests Nos. 1 and 2 are objectionable.  Plaintiff states that answering Requests Nos. 1 and 2 "would prove redundant in light of the specific document requests made by Defendants in Request Nos. [46 and 53]." However, this is only true if Plaintiff does in fact produce the documents requested in Request Nos. 46 and 53.

Because Plaintiff fails to reassert her objections to Request Nos. 46 and 53, the Court deems

17

them abandoned. Plaintiff shall produce copies of any photograph(s), map(s), drawing(s), or video(s) that depict any portion of the scene of collision described in the Complaint, as requested in Request No. 46. Additionally, Plaintiff shall produce copies of all written, recorded and transcribed statements which she or her attorneys or representatives have obtained, as described by Request No. 53.

### I. Request No. 56 - Decedent's Credit Card and Bank Statements

Defendants' Request No. 56 seeks production of "copies of decedent's credit card and bank statements that include the date of the subject collision." Plaintiff objected to the request as follows:

> Objection. Vague, ambiguous and overbroad. Further said request seeks information and things which are neither relevant nor likely to lead to the discovery of relevant evidence. None now in the possession of Plaintiff.

Defendants argue that the credit card and bank statements would provide objective evidence as to the location of Posey both before the collision and after his departure from the hospital the next day. In responding to the motion, Plaintiff does not assert any of her objections to Request No. 56. The Court deems the objections abandoned. It grants the motion to compel production, pursuant to the request. Plaintiff shall produce copies of Posey's credit card and bank statements as requested by Defendants' Request No. 56.

### J. Failure to Provide Privilege Log

Plaintiff had a duty when asserting privilege to describe the nature of the documents, communications, or tangible things not produced or disclosed as required by Fed. R. Civ. P 26(b)(5)(A)(ii). Plaintiff did not do so and admits this oversight. Defendants argue that the failure to provide the privilege log entitles them to the documents sought as though no privilege or work

18

product protection applied.[24] However, "minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances bear against finding waiver."[25] This appears to be a case of the latter.

Because Request Nos. 1 and 9 specifically exempt work product and privileged material, no privilege log was required. Likewise, Request Nos. 2 and 10 were inappropriate, as they only apply to materials that would be privileged or work product, thus eliminating the need for a privilege log. Plaintiff's failure to provide a privilege log for Request Nos. 46 and 53 appears to be a violation that occurred during the good faith attempt at compliance. Plaintiff's recognition of the failure suggests this was neither malicious nor intentional and will be cured in the future.

Therefore, the Court finds that Plaintiff did not waive any privileges in failing to provide a privilege log, but expects Plaintiff to provide a privilege log when asserting privilege to future requests.

## III. Summary of Rulings

The Court finds that Plaintiff abandoned any objection to Defendant Old Dominion's First Interrogatory No. 1 and shall therefore answer it. The Court sustains Plaintiff's objections to Defendant Smith's First Interrogatory Nos. 10, 11, and 12 and Plaintiff need not answer these interrogatories.

The Court overrules Plaintiff's objections to Defendants' Request for Production Nos. 1, 12, and 44. Plaintiff shall therefore produce the requested materials. The Court finds that Plaintiff

---

[24] *See In re Universal Serv. Fund Tel. Billing Practices Litig.*, 232 F.R.D. 669, 671 (D. Kan. 2005) ("The law is well-settled that, if a party fails to make the required showing, by not producing a privilege log or by providing an inadequate one, the court may deem the privilege waived.").

[25] *Id.*

abandoned any objection to Defendants' Request Nos. 9, 46, 53, and 56 and shall therefore produce the requested materials. The Court sustains Plaintiff's objections to Defendants' Request Nos. 2, 10, 28, and 52.

**IT IS THEREFORE ORDERED THAT** the Combined Motion of Defendant Old Dominion and Defendant Smith to Compel Discovery (ECF No. 50) is granted in part and denied in part, as set forth herein. Plaintiff shall serve all answers to interrogatories and produce all documents, as herein directed, to Defendants within **thirty (30) days of the date of this Memorandum and Order.**

Dated in Kansas City, Kansas, this 25th day of January, 2011.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge